UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:
David Brian Touroo
Debra Sue Touroo,

       Debtors.
_____/

DAVID BRIAN TOUROO and
DEBRA SUE TOUROO,

       Appellants,

v.

TAMMY L. TERRY, CH. 13
STANDING TRUSTEE,

       Appellee.
_____/

Case No. 18-13365

HON. GEORGE CARAM STEEH

OPINION AND ORDER REVERSING
DECISION OF BANKRUPTCY COURT

David and Debra Touroo ("Debtors") appeal the bankruptcy court's final order dismissing their Chapter 13 case. The court found that Debtors defaulted by failing to make all of the required payments under their plan before the plan expired. The court determined that it did not have discretion to allow the Debtors to cure their default after the expiration of the plan. As explained below, this court concludes that the Bankruptcy Code gives the court discretion to allow Debtors a grace period to cure their

default and does not mandate dismissal under these circumstances. The bankruptcy court's decision is reversed and this case is remanded for further proceedings.

BACKGROUND FACTS

Debtors filed their Chapter 13 bankruptcy petition on April 18, 2013. On April 26, 2013, they filed a plan proposing payments of $283 per month, for sixty months. Debtors amended their plan on June 21, 2013, reducing the plan length from sixty to fifty months, among other changes, including weekly instead of monthly payments. The bankruptcy court confirmed the plan on July 31, 2013. The first plan payment under the confirmed plan was made on August 6, 2013.

Debtors proposed a plan modification extending the plan length from fifty to sixty months, which was approved by the bankruptcy court on July 25, 2017. The plan called for a total of $8,911.37 to be distributed to unsecured creditors. The plan also required Debtors to remit their 2017 federal income tax refund to the Trustee.

Debtors made all their weekly payments under the plan through payroll garnishment. On August 23, 2018, the Trustee filed a motion to dismiss based upon Debtors' failure to remit their 2017 tax refund and because of the expiration of the plan. Shortly thereafter, the Debtors

submitted their $1,417 tax refund to the Trustee, who received it on August 27, 2018.  Debtors opposed the motion to dismiss, arguing that the bankruptcy court had discretion to allow them to cure their default.

The bankruptcy court disagreed, noting that the Bankruptcy Code does not allow for the confirmation of a plan that extends longer than sixty months.  The court conditionally granted the Trustee's motion to dismiss, allowing Debtors fourteen days to file a plan modification to excuse the obligation to remit the 2017 tax refund or to file a motion for a hardship discharge.  The order provided that if Debtors did not file either item, the court "will enter an order dismissing this case, without further notice or hearing." Doc. 3 at PageID 67.

Debtors filed a proposed plan modification on October 8, 2018, which did not excuse the obligation to remit the tax refund.  Rather, Debtors sought to retroactively make their first plan payment due on August 31, 2013, a month after the original order confirming the plan was entered, thus changing the expiration date of the plan to August 31, 2018, and consequently making the tax refund payment timely.  The bankruptcy court entered an order disapproving the plan modification and dismissing the case on October 12, 2018.  The court stated that "the first payment in fact was due under the confirmed plan no later than August 7, 2013, and that

means that the five year period described in 11 U.S.C. § 1329(c) expired no later than August 7, 2018. . . . [T]he Debtors admittedly did not make all the payments required by their confirmed plan until *after* August 7, 2018. These are historical facts that cannot be changed retroactively by a plan modification now. To rule otherwise would itself violate § 1329(c)." Doc. 3 at PageID 77.

## LAW AND ANALYSIS

Debtors filed a timely notice of appeal of the bankruptcy court's final order dismissing the case. District courts have "jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . of bankruptcy judges." 28 U.S.C. § 158(a). This court reviews the bankruptcy court's interpretation of the Bankruptcy Code *de novo. In re Dow Corning Corp.*, 456 F.3d 668, 675 (6th Cir. 2006). When "statutory language is unambiguous, our inquiry both begins and ends with the text itself." *United States v. Bedford*, 914 F.3d 422, 427 (6th Cir.), *cert. denied*, 139 S. Ct. 1366 (2019).

Pursuant to 11 U.S.C. § 1322(d), the bankruptcy court may not approve a plan that provides for payments over a "period that is longer than five years." *Id.* Once a plan is confirmed by the court, the debtor and his creditors are bound by its terms. 11 U.S.C. § 1327. If a debtor meets his obligations under the plan, he is entitled to "a discharge of all debts

provided for by the plan," often referred to as a "completion discharge." 11 U.S.C. § 1328. Section 1328 provides for a completion discharge if the debtor has completed "all payments under the plan." This section does not contain "an express requirement that such payments were made within five years." *In re Klaas*, 858 F.3d 820, 829 (3d Cir. 2017). In the event the debtor materially defaults on the plan requirements, the court has discretion to dismiss the cause for cause. *Id.* (noting that the court "may" dismiss a case for cause, which is "permissive language"); 11 U.S.C. § 1307.

Under 11 U.S.C. § 1329, a debtor may modify a plan after it has been confirmed. A debtor may modify a plan to "extend or reduce the time for . . . payments," 11 U.S.C. § 1329(a)(2), but may not modify the plan to extend its length beyond five years, 11 U.S.C. § 1329(c). This time limitation for Chapter 13 plans reflects congressional concern that debtors were being forced into lengthy payment terms, which it viewed as "the closest thing there is to indentured servitude" because such plans do not "provide the relief and fresh start for the debtor that is the essence of modern bankruptcy law." *Klaas*, 858 F.3d at 830 (citing H.R. Rep. No. 95-595 at 117 (1977)); *see also In re Black*, 78 B.R. 840, 841-42 (S.D. Ohio 1987).

Debtors filed for Chapter 13 relief on April 18, 2013, and filed their original plan on April 26, 2013. The court confirmed the plan on July 31, 2013, determined that the first weekly payment under the confirmed plan was due no later than August 7, 2013, and concluded that the plan expired no later than August 7, 2018.[1]  Doc. 3 at PageID 183.

Debtors submitted their 2017 tax refund to the Trustee on August 27, 2018. The bankruptcy court declined to allow the Trustee to apply this late payment to the plan, reasoning that allowing payment after the expiration of the five-year period would contravene the limit set forth in 11 U.S.C. § 1329(c). The court granted the Trustee's motion to dismiss pursuant to 11 U.S.C. § 1307(c), which provides that the bankruptcy court may dismiss a case "for cause," including upon "material default by the debtor with respect to a term of a confirmed plan." *Id.*[2]

Debtors contend that the bankruptcy court erred in determining that it did not have discretion to allow a late, curative payment under the plan.

---

[1] There is a split of authority regarding whether the five-year period begins on the due date of the first payment prior to confirmation or after confirmation of the plan. *See In re Black*, 292 B.R. 693, 701 (B.A.P. 10th Cir. 2003); *In re Humes*, 579 B.R. 557, 559-60 (Bankr. D. Colo. 2018). The court need not resolve this issue, because Debtors' payment was received by the Trustee after the expiration of the five-year period under either method of calculation.

[2] Alternatively, the court may grant a "hardship discharge" if the debtor cannot make all payments due to "circumstances for which [he] should not justly be held accountable." 11 U.S.C. § 1328(b).

- 6 -

Debtors rely upon *In re Klaas*, in which the Third Circuit held that bankruptcy courts have discretion to allow a grace period for payments made after the expiration of the plan. 858 F.3d 820 (3d Cir. 2017). The *Klaas* court acknowledged that the Bankruptcy Code provides that a court "may not" approve a proposed plan or plan modification if it schedules payments over a period of more than five years. *Id.* at 828; *see also* 11 U.S.C. §§ 1322(d), 1329(c). The court explained, however, that the "relevant question" is not "whether bankruptcy courts may confirm a plan or plan modification that proposes a plan term greater than five years. . . . The relevant question here . . . is whether a bankruptcy court may deny a motion to dismiss and/or grant a completion discharge when there remains at the end of that plan term a shortfall that the debtor is willing and able to cure." *Klaas*, 858 F.3d at 828; *see also Black*, 78 B.R. at 842-43 (motion for dismissal is governed by § 1307, not § 1322).

The *Klaas* court concluded that, pursuant to § 1307(c), which provides that a court "may" dismiss a case for cause, the Code gives a court discretion in determining whether to dismiss a case upon a material default. *Id.* at 829. The court further noted that § 1328, which provides for a completion discharge if the debtor has completed "all payments under the plan," does not expressly require that such payments be made within five

- 7 -

years. *Id.* The court rejected the creditor's argument that the debtors were essentially seeking to informally modify their plan in contravention of § 1329(c), reasoning that the debtors were not seeking to modify the plan, but "instead to complete the payments owed under the confirmed plan." *Id.* at 831. In other words, the curative payments "would not be payments 'provide[d] for' by [a] modified plan; rather they would be payments made to cure a default . . . *i.e.*, payments made because the debtors did not make the payments 'provide[d] for' by the plan in the first place." *Id.* (citation omitted). *Accord Black*, 76 B.R. at 843; *In re Brown*, 296 B.R. 20, 22 (N.D. Cal. 2003) ("Nothing in § 1307(c) of the Code, which governs Chapter 13 dismissals, makes taking more than 60 months to complete a confirmed plan a ground for dismissal."); *In re Henry*, 343 B.R. 190, 193 (N.D. Ill. 2006) (debtor's failure to complete all payments within 60 months not cause for dismissal under § 1307(c)); *In re Hill*, 374 B.R. 745, 748 (S.D. Cal. 2007) ("Nowhere in § 1307 is it specified that failure to complete a confirmed plan in 60 months is, in itself, a ground for dismissal."). *See also* 8 *Collier on Bankruptcy* ¶ 1322.18[2] (Richard Levin & Henry J. Sommer, eds., 16th ed. 2019) ("[T]he fact that a debtor does not actually conclude the payments within the stated period does not constitute a violation of section 1322(d). . . . If payments are late, but the debtor is substantially complying

with the plan, the court should allow the plan to be completed within a reasonable time after the stated term.").

The *Klaas* court noted that its reading of the statute was supported by the legislative history, which reflected Congress' concern about lengthy or indefinite payment periods. *Klaas*, 858 F.3d at 830. It concluded that the five-year plan limit was intended to "provide 'a shield' for debtors rather than 'a sword' for creditors." *Id.*

Other courts have taken the opposite view, declining to allow debtors to make payments after the end of the five-year plan term and "deeming the end of the term to be a 'drop dead date.'" *In re Humes*, 579 B.R. 557, 563 (Bankr. D. Colo. 2018) (citing cases). This court is persuaded, however, that the *Klaas* decision properly accounts for the statutory context in determining that courts are not *required* to dismiss a case under § 1307(c) if a debtor has not timely completed all of the plan payments. The Code unambiguously gives bankruptcy courts discretion under such circumstances. Following the reasoning in *Klaas*, the court holds that bankruptcy courts have discretion to allow debtors to cure a default after the end of the five-year period.

The *Klaas* court delineated several factors to guide bankruptcy courts when considering whether to allow a grace period:

> (1) whether the debtor substantially complied with the plan, including the debtor's diligence in making prior payments; (2) the feasibility of completing the plan if permitted, including the length of time needed and amount of arrearage due; (3) whether allowing a cure would prejudice any creditors; (4) whether the debtor's conduct is excusable or culpable, taking into account the cause of the shortfall and the timeliness of notice to the debtor; and (5) the availability and relative equities of other remedies, including conversion and hardship discharge.

*Klaas*, 858 F.3d at 832. Because the bankruptcy court believed that it did not have discretion to grant a grace period, it did not address these issues. The court will remand this matter to the bankruptcy court to consider these non-exclusive factors. *See id.* at 832-33.

## CONCLUSION

IT IS HEREBY ORDERED that the bankruptcy court's Order Disapproving Plan Modification and Dismissing Case is REVERSED. This case is REMANDED to the bankruptcy court for further proceedings consistent with this opinion and order.

Dated: June 25, 2019

                                    s/George Caram Steeh
                                    GEORGE CARAM STEEH
                                    UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 25, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk